

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*　　*(203)821-3700*
*157 Church Street, 25th Floor*　　*Fax (203) 773-5376*
*New Haven, Connecticut 06510*　　*www.justice.gov/usao/ct*

February 27, 2020

William F. Dow, III, Esq.
Jacobs & Dow, LLC
350 Orange St.
New Haven, CT 06503-0606

Re:   United States v. Michael Verzella
　　　Case No. 3:19cr163(KAD)

Dear Attorney Dow:

　　　This letter confirms the plea agreement between your client, Michael Verzella (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

　　　In consideration for the benefits offered under this agreement, Michael Verzella agrees to plead guilty to Count One of the Indictment charging a violation of 18 U.S.C. § 1343.

　　　The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

　　　1.   That the defendant devised a scheme to defraud or obtain money or property by materially false or fraudulent pretenses, representations or promises;

　　　2.   That the defendant acted with intent to defraud;

　　　3.   That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

William F. Dow, III, *Esq.*
*February 27, 2020*
*Page 2*

**THE PENALTIES**

<u>Imprisonment</u>
This offense carries a maximum penalty of 20 years of imprisonment.

<u>Supervised Release</u>

In addition, the Court may impose a term of supervised release of not more than three years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to two years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

<u>Fine</u>

This offense carries a maximum fine of $250,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

<u>Special Assessment</u>

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

<u>Restitution</u>

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Regardless of restitution that may be ordered by the Court noted above, the defendant agrees to make restitution in the amount of $450,062.08, which consists of $363,527.8 in loss to the victim consisting of (a) Chapel Haven credit card use for personal expenses, (b) personal use of gift cards paid for with Chapel Haven funds, and (c) cash wrongfully collected at in-house events, and $87,099 paid to a forensic accounting firm and law firm in uncovering the defendant's fraud. The parties agree that to the extent the victim has received compensation from insurance with respect to its loss, the restitution order will require that restitution in that amount be paid to the insurer but that the order will provide that restitution be paid to the victim before any restitution is paid to any insurer.

William F. Dow, III, *Esq.*
*February 27, 2020*
*Page 3*

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

## **THE SENTENCING GUIDELINES**

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

William F. Dow, III, *Esq.*
*February 27, 2020*
*Page 4*

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2B1.1(a)(1) is 7. That level is increased by 10 under U.S.S.G. § 2B1.1(b)(1)(G) because the loss was greater than $150,000 but less than $250,000.

The Government believes that two additional levels are added under U.S.S.G. §2B1.1(b)(2)(A)(i) because the offense involved 10 or more victims and two levels are added under U.S.S.G. § 3A1.1(b)(1) because the defendant knew or should have known that one or more of the victims of the offense was a vulnerable victim. The defendant reserves his right to object to these two enhancements.

The parties agree that two levels are added under U.S.S.G. § 3B1.3 because the defendant abused a position of trust.

William F. Dow, III, *Esq.*
*February 27, 2020*
*Page 5*

Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 20, if the two enhancements under §2B1.1(b)(2)(A)(i) and § 3A1.1(b)(1) are applied. If the two enhancement are not applied, the total offense level is 16.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 20, assuming a Criminal History Category I, would result in a range of 33 to 41 months of imprisonment (sentencing table) and a fine range of $15,000 to $150,000, U.S.S.G. § 5E1.2(c)(3). A total offense level of 16, assuming a Criminal History Category I, would result in a range of 21 to 27 months of imprisonment (sentencing table) and a fine range of $10,000 to $95,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of one year to three years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

William F. Dow, III, *Esq.*
*February 27, 2020*
*Page 6*

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

William F. Dow, III, *Esq.*
February 27, 2020
Page 7

<u>Waiver of Right to Appeal or Collaterally Attack Sentence</u>

The defendant acknowledges that under certain circumstances, he is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed 33 months of imprisonment, a three-year term of supervised release, a $100 special assessment, a fine of $150,000, and an order of restitution, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Waiver of Challenge to Plea Based on Immigration Consequences</u>

The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offense(s) to which the defendant is pleading guilty. Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction or sentence.

**ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA**

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats,

William F. Dow, III, *Esq.*
*February 27, 2020*
*Page 8*

force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the wire fraud scheme, which forms the basis of the indictment in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the

William F. Dow, III, *Esq.*
*February 27, 2020*
*Page 9*

Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN H. DURHAM
UNITED STATES ATTORNEY

_____
SARAH P. KARWAN
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____      2/24/20
MICHAEL
VERZELLA                             Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____      2/27/20
WILLIAM F. DOW, III,
ESQ.                                 Date
Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to Count One of the Indictment:

1. At all times relevant, the defendant, Michael Verzella, was the Supervisor of Recreation and Operations at Chapel Haven Schleifer Center ("Chapel Haven"), a private, non-profit entity that provides services and residential housing to individuals with developmental and social disabilities.

2. As an employee of Chapel Haven, Verzella was assigned a Chapel Haven credit card issued by Bank of America, which was headquartered in Charlotte, North Carolina. This credit card was supposed to be used to pay for expenses related to Chapel Haven, including the purchasing of tickets to off-site events that students and community members of Chapel Haven could attend. These events included trips to dances, bingo nights, plays, shopping malls, and sporting events.

3. When Verzella incurred expenses for Chapel Haven events using the Bank of America credit card, he would fill out a purchase order with a corresponding receipt attached, which were then forwarded to the Chapel Haven business office to process the payment.

4. During the time period of approximately January 2012 through February 2018, Verzella engaged in a scheme to defraud Chapel Haven by using his Chapel Haven Bank of America credit card for his own personal expenses not related to Chapel Haven. Verzella used his Chapel Haven work computer and email to purchase tickets for sporting and entertainment events at various online ticket brokers' websites. Verzella attended these sporting events with friends and family. Verzella then submitted false and fraudulent purchase orders for these expenses to the Chapel Haven business office, representing them to be for recreational events for the students and community members of Chapel Haven. Verzella altered the invoices that he received electronically from the online ticket brokers' websites to make it appear as though the expenses were related to Chapel Haven events and submitted these fraudulent invoices with the purchase orders.

5. For example, on or about July 5, 2017, Verzella submitted a purchase order to the Chapel Haven business office in the amount of $1,991.60 with a description of "Baseball game in July/August, handwritten September 2017." Verzella included a purported email receipt from MyTicketTracker.com, which was sent to his Chapel Haven email address. The email stated that it was for the purchase of 23 tickets at $86 each to the September 23, 2017 baseball game between the New York Mets and the Washington Nationals at "City Field" in New York, and included a $13.60 service fee. A review of the business records from MyTicketTracker shows, however, that on

William F. Dow, III, *Esq.*
February 27, 2020
Page 11

       July 5, 2017, Verzella, using the Chapel Haven Bank of America credit card, purchased four tickets to the July 15, 2017 baseball game between the Boston Red Sox and the New York Yankees at Fenway Park in Boston, Massachusetts, for a total of $1991.60. Verzella attended the July 15, 2017 baseball game with his wife and another couple at Fenway Park.

6. The parties agree that Verzella used the Chapel Haven Bank of America credit card for personal expenses not related to the business of Chapel Haven totaling approximately $175,872.58.

7. In addition, during the times relevant, Verzella directed Chapel Haven Recreation Aides to collect cash from Chapel Haven students and community members to attend in-house events at Chapel Haven. However, the fees for attending such events were already included in the tuition for Chapel Haven students and billed by invoice to community members. Verzella directed the Recreation Aides to put the collected cash in a safe in his office and kept this collected cash for himself.

8. Based upon the cash deposits into Verzella's bank accounts, and the rosters of the in-house events at Chapel Haven, the parties agree that, for the purposes of the sentencing Guidelines calculation of loss and what can be reasonably shown by a preponderance of the evidence, the amount of cash that Verzella wrongfully collected from Chapel Haven residents and kept for himself was approximately $68,000. However, for purposes of restitution, the parties agree that Verzella will pay $187,654.50 in connection with the cash taken. The parties agree that this amount will be paid as restitution to Chapel Haven to be paid over/ credited to its students and community members as set forth in a schedule with the Court to be filed under seal.

       This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

MICAHEL VERZELLA
The Defendant

SARAH P. KARWAN
MARIA DEL PILAR GONZALEZ
ASSISTANT UNITED STATES ATTORNEYS

WILLIAM F. DOW, III, ESQ.
Attorney for the Defendant

William F. Dow, III, *Esq.*
February 27, 2020
Page 12

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

   The greater of -
   (I) the value of the property on the date of the damage, loss, or destruction; or

   (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

   A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

   B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

   C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court

William F. Dow, III, *Esq.*
*February 27, 2020*
*Page 13*

may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.