UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

    Plaintiff,

V.                              NO. 3:19-cr-00163 (KAD)

MICHAEL VERZELLA,

    Defendant.               JULY 16, 2020

## DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM

The Government, in its Sentencing Memorandum, as expected, presents a professional and reasoned position[1]. That presentation, however, is overshadowed, expectedly, by the multiple submissions from the clients, their parents, and others associated with Chapel Haven. There is, in brief, no shortage of emotion and anger. If unrecognized and unaddressed, that anger

---

[1] There is a need, however, to clarify the discussion of cash at Chapel Haven events pages 7-8 of the Government's Memorandum. That discussion leaves the impression that the payment of cash by clients was devised by Mr. Verzella. That is not the case. That system, in one form or another, was in place when he arrived at Chapel Haven some thirteen years earlier. While he does not deny taking some of that cash, it was not a system which he set up as part of an overall scheme. To draw that inference would be incorrect.

1

and emotion can infect this sentencing. The sentencing statute, 18 U.S.C. 3553a is the vaccine against that infection. It requires no more nor less than that the sentence be "sufficient but not greater than necessary" to fulfill the objections of the sentencing statute. And while those emotionally invested in the case may want a different result, "sufficient and not greater than necessary" remains the goal.

With that in mind, we ask the court to take into consideration the following:

1. The pandemic and the problems that it has created in our society, in our country, and in particular in the prison system continues and there is no real end in sight. Those incarcerated are at risk. Mr. Verzella, as noted, has a history of asthma which presents a greater risk for infection.
2. The availability of alternative sentencing such as home confinement.
3. Chapel Haven submitted an insurance claim for more than Four Hundred Thousand ($400,000.00) Dollars and of that claim only approximately half was honored.

4. That the guideline enhancements – abuse of trust, vulnerable victims, and a number of victims – when added together on a guideline point scale, overstate the seriousness of the offense and come close to double counting. Abuse of trust is almost implicit in this specific type of crime, particularly the use of a "company credit card". Likewise, the vulnerability of the victims and their number in the content of this case. And while not a precise "double counting" stacking of those three enhancements bears that flavor.

## Conclusion

In addition to the requests set forth our initial memorandum, we ask the court to consider:

1. That a portion of the sentence be to home confinement;
2. That if incarceration is considered, a recommendation to a camp and to an RDAP Program given Mr. Verzella's recent heavy involvement in alcohol.

RESPECTFULLY SUBMITTED,

THE DEFENDANT,
MICHAEL VERZELLA

By /s/ William F. Dow, III
William F. Dow, III (ct00161)
JACOBS & DOW, LLC
350 Orange Street
New Haven, CT 06511
Telephone:  203-772-3100
Facsimile:  203-772-1691
E-Mail:  wdow@jacobslaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 16, 2020 the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ William F. Dow, III
William F. Dow, III